# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ANTONIO ADAMS, | : |
| **Plaintiff,** | : |
| v. | : Case No. 5:18-cv-00176-MTT-TQL |
| GB MOORE, III, *et al.*, | : |
| **Defendants.** | : |

## ORDER

This case is currently before the Court for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff Antonio Adams, a state inmate currently confined at Coastal State Prison, filed the above-captioned proceeding seeking relief under 42 U.S.C. § 1983. Compl., ECF No. 1. On July 18, 2018, the court granted Plaintiff *in forma pauperis* status and directed him to pay an initial partial filing fee of $34.00. Order, ECF No. 8. Plaintiff has now paid the fee as directed and this case is ripe for review. As discussed below, because Plaintiff has failed to state a claim upon which relief may be granted his Complaint is **DISMISSED WITHOUT PREJUDICE.**

### I.   Motion for Leave to Proceed In Forma Pauperis

Although Plaintiff was previously granted *in forma pauperis* status, Plaintiff is still obligated to pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. It is thus requested that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.

A.  Directions to Plaintiff's Custodian

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the remaining $316 of the $350 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 ($314.00 remaining) has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

B.  Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  Collection from Plaintiff of any balance due on these payments by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit such payments.

## II. Preliminary Review of Plaintiff's Complaint

### A. Standard of Review

Because Plaintiff is a prisoner proceeding under Section 1983 and seeks to proceed *in forma pauperis* in this action, his Complaint is subject to screening under 28 U.S.C. §§ 1915(e) & 1915A which require a district court to dismiss any complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted.[1]  When conducting a preliminary review, the district court must accept all factual allegations in the complaint as true and make all reasonable inferences in the plaintiff's favor.  *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004) (stating that allegations in the complaint must be viewed as true).  *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and a *pro se* complaint is thus "liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  The district court, however, cannot allow a plaintiff to litigate frivolous, conclusory, or speculative claims. As part of the preliminary screening, the court shall dismiss a complaint, or any part thereof, prior to service, if it is apparent that the plaintiff's claims are frivolous or if his allegations fail to state a claim upon which relief may be granted – i.e., that the plaintiff is not entitled to relief based on the facts alleged.  *See* 28 U.S.C. § 1915(e); 28 U.S.C. §

---

[1]The Eleventh Circuit determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'"  *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam); *see also Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002).

1915A.

To state a viable claim, the complaint must include "enough factual matter" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There must also be "enough facts to raise a reasonable expectation that discovery will reveal evidence" to prove the claim. *Id*. at 556. The claims cannot be speculative or based solely on beliefs or suspicions; each must be supported by allegations of relevant and discoverable fact. *Id*. Thus, neither legal conclusions nor a recitation of legally relevant terms, standing alone, is sufficient to survive preliminary review. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 555). Claims without an arguable basis in law or fact will be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (noting that claims are frivolous if "clearly baseless" or based upon "indisputably meritless" legal theories).

### B. Plaintiff's Allegations and Claims

The events underlying this Complaint primarily concern Plaintiff's 2007 guilty plea in the Superior Court of Putnam County, Georgia. According to Plaintiff, he received "a 20 year prison sentence to serve commuted to 5 years in confinement of the Georgia's Penal System." Compl. 3, ECF No. 1. Plaintiff alleges that he was released from custody in June 2012, but on June 29, 2016, Plaintiff, still on probation, was charged with

misdemeanor obstruction. The underlying charge was used as a basis to revoke Plaintiff's probation for a period of five years and then dismissed. *Id*. Since he has been incarcerated, Plaintiff has attempted to "address[] several issues to the clerk's office of Putnam County Superior Court pertaining to Criminal Case #2006CF182," which is presumably the case that resulted in Plaintiff's twenty years sentence in 2007. *Id*. Plaintiff complains that he has attempted to obtain copies of discovery, transcripts, status conferences, and the final disposition of his case, but the employees in the Putnam County Superior Court clerk's office informed Plaintiff that they do not "have anything in their files pertaining" his case. *Id*. at 3-4.

Plaintiff surmises that "there is some corruption going on within Putnam County" and that corruption has prevented him from collaterally attacking his 2007 conviction. Plaintiff seeks to sue G.B. Moore who represented Plaintiff during his plea, Chief Justice W.A. Prior, Jr., who presided over Plaintiff's criminal case, and Stephen A Bradley, the assistance district attorney. *Id*. at 4. Plaintiff seeks punitive damages from each Defendant in the amount of $50,000 as well as nominal damages. *Id*. at 6.

    i.    *Barred by Heck v. Humphrey*

Plaintiff's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 486. If a favorable judgment would render a conviction or sentence invalid, the claim is not cognizable under § 1983

and must be dismissed unless the conviction or sentence has been invalidated. *Id*. The Eleventh Circuit has explained that "as long as it is possible that a [section] 1983 suit would not negate the underlying conviction, then the suit is not *Heck*-barred." *Dyer v. Lee*, 488 F.3d 876, 879-880 (11th Cir. 2007). On the other hand, where success in a section 1983 suit "would necessarily negate one of the elements of the underlying offense; under those circumstances a conviction would not stand, as a matter of law," and the suit would be barred under *Heck*. *Id*. at 880.

Plaintiff alleges that he was provided ineffective assistance of counsel,"[t]here was no proof, witnesses, or evidence to bring forth 20 year sentence," and he was not afforded due process. Plaintiff essentially alleges that he was wrongfully convicted due to the Defendant's actions as he refers to his conviction as a "coerced plea," and alleges his imprisonment resulted from errors with his criminal proceedings. Success in this suit would thus necessarily imply the invalidity of Plaintiff's conviction or sentence. *See Thomas v. Jones*, 428 F. App'x 122 (3d Cir. 2011) (finding ineffective assistance of counsel claim barred by *Heck*); *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994) (finding ineffective assistance of counsel claim barred by *Heck*); *Warren v. Fischl*, 674 F. App'x 71 (2d Cir. 2017) (finding plaintiff's claim that he was convicted based on fabricated evidence barred by Heck).

Therefore, the Complaint must be dismissed under *Heck* unless Plaintiff's "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

6

question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486. It is plain from Plaintiff's Complaint that he remains confined pursuant to the conviction he challenges, it has not been invalidated through appropriate proceedings, and it has not otherwise been called into question. Consequently, his claims are not cognizable in a civil rights action under 42 U.S.C. § 1983.

Additionally, to the extent that Plaintiff seeks to directly contest his conviction or seeks immediate or speedier release from custody, such claims for relief are not cognizable in a Section 1983 action. *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action."). To the extent that Plaintiff wishes to challenge the fact of his conviction or the duration of his sentence—or challenge his probation revocation proceedings—the appropriate cause of action is a petition for writ of habeas corpus brought under 28 U.S.C.§ 2254. The Clerk of Court is **DIRECTED** to provide Plaintiff with two copies of the Court's standard form petition for writ of habeas corpus under § 2254.

### ii. Statute of Limitations

Furthermore, even if Plaintiff's claims were not barred by *Heck*, they are barred by Georgia's 2-year statute of limitations. For actions brought under Section 1983, the statute of limitations period is governed by state law, whereas the date on which an action accrues is determined by federal law. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th

7

Cir. 1987); *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought."). The events underlying this action occurred in Georgia, thus, Plaintiff's claims are subject to Georgia's 2-years state of limitations. *McKenzie v. U.S. Dep't of Justice, Drug Enf't Agency*, 143 F. App'x 165, 168 (11th Cir. 2005). Under federal law, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). Thus, Plaintiff had two-years from the date he knew of the facts underlying his claims in which to file the present action.

Plaintiff's allegations are vague and it remains unclear exactly what actions the Defendants took to violate his rights, but it is clear that the complained of actions occurred prior to or during the final disposition of his criminal case.[2] Therefore, Plaintiff's claims accrued at the latest on August 20, 2007, the day Plaintiff was sentenced. Plaintiff did not file the instant lawsuit until May 11, 2018, the date his initial pleading is signed and over ten years after the events underlying this Complaint occurred. From the face of Plaintiff's Complaint, his claims are barred by Georgia's 2-year statute of limitations unless he is

---

[2]"This 1983 is being brought against all Defendants pursuant to violating my constitutional right during the pendency awaiting trial while being a pre-trial detainee confined within the Putnam County Jail and afterwards a convicted prisoner in regards to my coerced plea conviction." Compl. 3, ECF No. 1.

entitled to have the limitations period tolled.

Plaintiff does not contend that he is entitled to either statutory or equitable tolling. Furthermore, an independent review of the factual allegations in his Complaint do not reveal any arguable basis for which the limitations period could be tolled. It is, therefore, patently clear from the face of Plaintiff's Complaint that his claims are time-barred. Plaintiff has failed to state a claim upon which relief may be granted. *James v. Richardson*, 344 F. App'x 982 (5th Cir. 2009) (affirming *sua sponte* dismissal of prisoner complaint as time-barred where plaintiff argued he was entitled to tolling due to his incarceration); *Holt v. Baker*, 710 F. App'x 422 (11th Cir. 2017) (affirming § 1915A dismissal of prisoner complaint as time-barred); *Salas v. Pierce*, 297 F. App'x 874 (11th Cir. 2008) (affirming § 1915A dismissal of prisoner complaint as time-barred); *Rembert v. Fla.*, 572 F. App'x 908 (11th Cir. 2014) (affirming 1915(e)(2)(B)(ii) dismissal of prisoner complaint as time-barred).

### iii. *Immune Defendants*

Furthermore, even if Plaintiff's claims were not barred by Georgia's 2-year statute of limitations he still could not proceed against any named Defendant. Defendant Chief Justice W.A. Prior Jr., is entitled to judicial immunity from Plaintiff's claims for damages. "A judge is entitled to absolute immunity for any acts that are within the function of the judicial office and loses immunity only if the claimed acts are wholly outside his jurisdiction as a judge." *Lloyd v. Foster*, 298 F. App'x 836, 840 (11th Cir. 2008) (per curiam) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). "A judge will not be

deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump,* 435 U.S. at 354-57. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Lloyd*, 298 F. App'x at 840 (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).

Plaintiff complains that Defendant Prior failed to follow "appropriate steps dealing with court proceedings such as preliminary hearing, status conf. and other court proceedings were skipped." Compl. 4, ECF No. 1. Defendant Prior functioned as a judicial officer during Plaintiff's criminal proceedings, and Plaintiff does not allege that any actions were taken in the absence of jurisdiction. Plaintiff's vague allegations that the proceedings turned into a "kangaroo court" and that he was not afforded a preliminary hearing or status conference are insufficient to plausibly demonstrate otherwise. Consequently, Defendant Prior is entitled to immunity.

Concerning Defendant Bradley, the assistance district attorney, "[a] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). This immunity includes the "initiation and pursuit of criminal prosecution," "appearances before the court," and acts involved in the course of judicial proceedings. *Id*. (ctiations omitted). Immunity further includes activities "that are 'intimately associated with the judicial phase of the criminal process.'" *Allen v. Fla.,* 458 F. App'x 841, 843 (11th Cir. 2012) (per curiam) (quoting *Imbler v.*

*Pachtman*, 424 U.S. 409 (1976)). Plaintiff complains that Defendant Bradley "deceived" the court by bringing "forth irrelevant matters before the court which Chief Justice ruled out in favor of State of Georgia" and "there was no proof witnesses, or evidence to bring forth 20 year sentence." Compl. 4, ECF No. 1. Plaintiff thus complains of Defendant Bradley's actions during his presentation of the State's case and his decision to pursue charges against Plaintiff. Defendant Bradley was acting in his capacity as an advocate for the state, consequently, Defendant Bradley is immune from suit.

      *iv.*     *Defendant Moore*

As discussed above, in order to state a claim under § 1983, Plaintiff must allege that his constitutional rights were violated by a person acting under color of state law. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982) ("The party charged with the deprivation must be a person who may fairly be said to be a state actor."); *Griffin v. City of Opa-Locka,* 261 F.3d 1295, 1303 (11th Cir. 2001) ("In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law.") (citations omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding." *Pearson v. Myles*, 189 F. App'x 865, 866 (11th Cir. 2006) (per curiam) (alteration in original) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)).

Plaintiff complains that his public defender ineffectively represented Plaintiff during court proceedings. Counsel's actions while representing Plaintiff occurred while

11

counsel was performing a traditional function of appointed counsel. Consequently, Plaintiff has failed to plausibly allege that counsel was acting under color of state law and has failed to state a claim for relief against Defendant Moore. *See Rolle v. Glenn*, 712 F. App'x 897, 899 (11th Cir. 2017) (per curiam) ("[T]he district court properly determined, as to public defenders, that they are not liable because they are not state actors for purposes of § 1983."); *Wilson v. Dollar-Thrifty Auto Group-South Fla. Transport*, 286 F. App'x 640, 642 (11th Cir. 2008) (per curiam) (affirming dismissal of claim against public defender because movant "failed to demonstrate [the attorney] acted under color of state law in her capacity as public defender").

### III. CONCLUSION

Pursuant to the above, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

**SO ORDERED**, this 4th day of September, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT